Brian Miller
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 North Last Chance Gulch
Helena, MT  59601
406-442-3261 Phone
406-443-7294 Fax
bmiller@mswdlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| HEATHER AND COLTON MORRIS, Individually and on behalf of their Minor Children, J.M., W.M., and M.M., <br><br> Plaintiffs, <br><br> v. <br><br> LUMBER LIQUIDATORS, INC <br><br> Defendant. | Case No. 6:16-cv-00093-CCL <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR REMAND** |

COME NOW Plaintiffs, Heather and Colton Morris ("Morrises") and file this Brief in Support of Motion to Remand pursuant to 28 U.S.C. § 1447.

In their complaint and demand for jury trial, Plaintiffs stated in their prayer for relief that they sought "damages awarded by the Court in an amount that does not exceed $ 74,999.00". (ECF Doc. 1-1, pg. 120).  This statement does not violate the *ad damnum* clause prohibition in Section 25-4-311, MCA, because it does not

state the amount of damages the Morrises are claiming, it only states that whatever damages they do receive should not exceed $ 74,999.00. This same type of statement was approved in *Porter v. Merck & Co.*, 2004 U.S. Dist. LEXIS 29232, at * 5 (D. Kan. December 28, 2004).

Courts in this district have long recognized that Plaintiffs are entitled to keep their case in state court if they are willing to limit the amount of their damages. "Plaintiffs in civil actions have the option of avoiding a federal forum. If . . . (the Plaintiff) does not desire to try his case in the Federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *Rollwitz v. Burlington N. Railroad*, 507 F. Supp. 582, 587 (D. Mont. 1981) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938); Wright & Miller § 3725, pp. 662-63)).

The practice that Plaintiffs have engaged in here of specifically limiting the amount of damages that they will claim finds acceptance in the federal courts. *See Engstrom v. L-3 Communications Government Services, Inc.*, 2004 U.S. Dist. LEXIS 25786, at * (E.D. La. December 23, 2004) (granting remand where plaintiffs stated in their state court complaint: "Each plaintiff limits the amount in controversy for his claims to $ 74,999.00, exclusive of interests and costs, and specifically disclaims and [waives] any claim for damages, actual and punitive,

which is over a total of $ 74,999")  (citing *Hux v. General Motors Acceptance Corp.*, 1998 WL 34202196, at * 3 (S.D. Miss. March 30, 1998).

Attached as Exhibit A to this brief is a Stipulation from Plaintiffs' counsel confirming that Plaintiffs affirmatively and knowingly waive entitlement to any damages including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of $ 74,999.  This is a binding stipulation under *De Aguiliar v. Boeing Co.*, 47 F. 3d 1404, 1412 n. 10 (5th Cir. 1995), and prevents the Plaintiffs from ever seeking more damages in state court.   This binding stipulation, coupled with the limits on recovery stated in Plaintiffs' complaint, demonstrates that Plaintiffs' motion for remand is well taken.  *See also Davidson v. Lefever*, 2013 U.S. Dist. LEXIS 109311, at * 4 (S.D. Ala July 18, 2013).

Because the amount in controversy is less than $ 75,000, diversity jurisdiction is lacking under 28 U.S.C. § 1332(a), and this matter should be remanded back to the state court, in front of the Honorable Judge Loren Tucker for further proceedings.

RESPECTFULLY SUBMITTED this 27th day of September, 2016

By: /s/ Brian J. Miller
_____
Brian Miller

MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
Attorneys for Plaintiffs

## CERTIFICATE OF COMPLIANCE

I certify pursuant to D. Mont. L.R. 7.1(d)(2)(E), the attached Plaintiff's Brief In Support of Motion to Remand contains 514 words.

By:  /s/ Brian J. Miller
    _____
    Brian J. Miller

## CERTIFICATE OF SERVICE

    I hereby certify that the forgoing document was served upon the following counsel of record, by ECM/CF, this 27th day of September, 2016

Gary L. Walton, Esq.
GARY L. WALTON, PLLC
8 West Park St., Suite 401
P.O. Box 4248
Butte, Montana 59702-4248
garylwaltonpllc@gmail.com

*Attorneys for Lumber Liquidators, Inc.*

By:  /s/ Brian J. Miller
    _____
    Brian J. Miller