FILED.

APR 1 3 2016

MARILYN A. CRAFT Court Clerk
_____Deputy

## MONTANA FIFTH JUDICIAL DISTRICT COURT, JEFFERSON COUNTY

| | |
|---|---|
| HEATHER AND COLTON MORRIS, Individually and on Behalf of Their Minor Children, J.M., W.M. and M.M., <br><br> Plaintiffs, <br><br> v. <br><br> LUMBER LIQUIDATORS, INC., <br><br> Defendant. | Cause No. DV-2015-88 <br><br> CV-16-93-H-CCL <br><br> **ORDER DENYING MOTION TO DISMISS AND SETTING HEARING** |

FILED

SEP 2 8 2016

Clerk, U.S. District Court
District Of Montana
Helena

Defendant Lumber Liquidators, Inc. ("LLI") moved to dismiss on the ground that the Court lacks personal jurisdiction. Plaintiffs Heather and Colton Morris filed a response brief. LLI filed a reply brief and requested an evidentiary hearing.

### BACKGROUND

LLI is a Delaware Corporation in the business of manufacturing laminate flooring. (Compl., ¶¶ 3-4). It has its principal place of business in Virginia. (Compl., ¶ 3). The Morrises reside in Whitehall, Montana. (Compl., ¶ 1). The complaint alleges that the Morrises purchased flooring manufactured by LLI "at the Home Depot, in Idaho Falls, Idaho, on July 17, 2014" and installed the flooring in their home that fall. (Compl., ¶¶ 6, 10). Afterwards, the Morrises allege their children began to experience headaches and trouble breathing. (Compl., ¶¶ 10-11).

After watching an episode of "60 Minutes" that linked high levels of formaldehyde in LLI's flooring products to illness in consumers, the Morrises had their home tested. (Compl., ¶¶ 12-13). The results indicated "elevated" levels of formaldehyde. (Compl., ¶ 13). The Morris

complained to LLI and LLI "sent them a test kit to use to determine the levels of formaldehyde." (Compl., ¶ 14). LLI informed them "their air quality came back good" but would not send them a copy of the test results. (Compl., ¶ 15). The Morrises claim their children's health returned to normal after they removed the flooring from their home. (Compl., ¶ 17).

LLI moved to dismiss on the ground that this Court lacks personal jurisdiction. According to an affidavit attached to the motion, LLI does not "sell[] any products in Montana," has no stores in Montana, "does not hold a business license" in Montana, "is not registered to transact business in Montana," and "does not own or rent property" in Montana." (Opening Br. Exh. "A" ("Secter Aff."), ¶¶ 4-11). The affidavit acknowledges that LLI "advertises nationally" but avers that it "does not advertise in Montana media outlets." (Secter Aff., ¶ 12). The affidavit further states that "LLI has no record of any direct sale to [Morrises]." (Secter Aff., ¶ 8). Absent any contacts with Montana, LLI argues that this Court does not have jurisdiction over it.

The Morrises responded with their own affidavit. Their affidavit recants one important allegation in the complaint. Specifically, the affidavit explains that the Morrises "did not purchase [the flooring]…from a Home Depot store in Idaho Falls, ID" as stated in the complaint. (Morris Aff., ¶ 6). Rather, in the affidavit the Morrises contend that they "ordered the product online and it was shipped to us from the Idaho Lumber Liquidators location directly to our home in Whitehall, Montana." (Morris Aff., ¶ 5). The Morrises state that they "simply missed that one detail" in reviewing the complaint prior to its filing. (Morris Aff., ¶ 7).

In reply, LLI points out that Morrises did not produce "bills of lading or other documentation to support" their claim that LLI shipped the flooring directly to them. (Reply Br. at 6). LLI maintains that it has "no[] record of a direct sale to Morrises." (Reply Br. at 6). LLI argues that an evidentiary hearing is necessary to resolve this factual dispute.

## DISCUSSION

Montana courts apply a two-step test to determine whether the court has jurisdiction over a nonresident defendant. *Milky Whey, Inc. v. Dairy Partners, Inc.*, 2015 MT 18, ¶ 18, 378 Mont. 75, 342 P.3d 13. First, the Court determines whether Montana's long-arm provision confers either general or specific personal jurisdiction over the defendant. *Id.* If so, the Court then determines whether the exercise of personal jurisdiction over the defendant complies with the requirements of the Due Process Clause. *Id.*

Montana's long-arm provision provides for general jurisdiction over "[a]ll persons found within the state of Montana" and specific jurisdiction over "any person...as to any claim for relief arising from the doing personally, or through an employee or agent, of" certain enumerated acts. Rule 4(b)(1), M. R. Civ. P. The Morrises do not allege or argue that general jurisdiction exists over LLI. They argue that specific jurisdiction exists because LLI committed a tort that "accrued in" Montana. (Resp. Br. at 8). One of the enumerated acts set forth in Rule 4(b)(1) which confers specific jurisdiction, consists of "the commission of any act resulting in accrual within Montana of a tort action." Rule 4(b)(1)(B), M. R. Civ. P.

A tort action ordinarily accrues where "the actions which gave rise to the alleged torts occurred." *Cimmaron Corp. v. Smith*, 2003 MT 73, ¶ 20, 315 Mont. 1, 67 P.3d 258. In a series of cases involving intentional torts, the Supreme Court held that a tort action does not accrue in Montana where the only act that occurred in Montana consists of the injury itself. *See Tackett v. Duncan*, 2014 MT 253, ¶ 31, 376 Mont. 348, 334 P.3d 920; *Cimmaron*, ¶ 20; *Threlkeld v. Colo.*, 2000 MT 369, 303 Mont. 432, 440-41, 16 P.3d 359; *Bird v. Hiller* (1995), 270 Mont. 467, 892 P.2d 931, 933-34. However, the Supreme Court held that even though only the injury occurred

3

here a products liability tort action "accrues in" Montana, and therefore gives rise to specific personal jurisdiction. *Bunch v. Lancair Int'l Inc.*, 2009 MT 29, 349 Mont. 144, 202 P.3d 784.

In *Bunch*, an aircraft manufactured in Oregon by an Oregon Corporation and purchased in California crashed when its pilot, Jeffry Bunch, attempted to land at the Gallatin Field in Bozeman, Montana. *Id.* at ¶¶ 2-3. The crash resulted in Bunch's death. *Id.* at ¶ 2. Bunch's wife filed a products liability suit in Montana district court against the manufacturer of the aircraft and the manufacturer of its component parts, both nonresident defendants. *Id.* at ¶ 2. The district court dismissed the action, finding that, although Montana's long-arm statute reached the defendants, the exercise of jurisdiction would violate due process. *Id.* at ¶¶ 8, 19. The Supreme Court affirmed the district court on all grounds. *Id.* at ¶ 61. Before addressing due process considerations, however, the Court clearly held that, under the first element of the test, "the District Court correctly concluded that specific, or long-arm, jurisdiction would be appropriate over the defendants because the alleged tort accrued in Montana." *Bunch*, ¶ 40.

Unlike the conversion and fraud actions involved in *Tackett, Cimmaron, Threlkeld,* and *Bird*, products liability claims are not intentional torts. When dealing with intentional torts, it may make sense to limit the reach of Montana's long-arm provision to the jurisdiction where the defendant directed his intentional acts. After all, personal jurisdiction ultimately depends on "submission to a State's authority." *J. McIntyre Mach. Ltd., Inc. v. Nicastro*, 564 U.S. 873, ___, 131 S. Ct. 2780, 2787, 180 L. Ed. 2d 765, 774 (2011) (opinion of Kennedy, J.). Where a defendant acts intentionally, it is reasonable to infer an intention to submit to the laws of the State towards which the defendant "expressly aimed" his conduct. *See Calder v. Jones*, 465 U.S. 783, 789, 104 S. Ct. 1482, 1487, 79 L. Ed. 2d 804, 812 (1984) (finding personal jurisdiction in

California where the defendants' "intentional, and allegedly tortious, actions were expressly aimed at California.").

By contrast, products liability claims, at their core, are based on negligence. *See Speyer, Inc. v. Humble Oil & Refining Co.*, 403 F.2d 766, 772 n. 10 (3d Cir. 1968). Negligent torts are by definition unintentional. There is no expression of intent to examine to determine whether the defendant submitted to the laws of the state. In the absence of such expression, the place where the injury occurred perhaps serves as a useful proxy for implying the defendant's intent.

Whatever the reasons for the Supreme Court's distinction, *Bunch* makes clear that, in products liability cases, the tort accrues in place where the harm occurs. LLI does not dispute that the Morrises alleged harm occurred in Jefferson County, Montana. Thus, the Court may conclude, based solely on the complaint and the affidavits available at this stage, that Montana's long-arm provision reaches LLI's alleged conduct.

The second step of the test requires the Court to ensure that the exercise of jurisdiction complies with the requirements of due process. To comply with due process, the exercise of jurisdiction must satisfy three requirements:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking its laws.
>
> (2) The claim must be one which arises out of or results from the defendant's forum-related activities.
>
> (3) Exercise of jurisdiction must be reasonable.

*Bunch*, ¶ 19 (citing *Data Disc, Inc. v. Systems Tech. Assoc.*, 557 F.2d 1280, 1287 (9th Cir. 1977)). As to the first requirement, the U.S. Supreme Court has held that merely placing a product "into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112,

5

107 S. Ct. 1026, 1032, 94 L. Ed. 2d 92, 104 (1987) (plurality opinion). The Court has explained that "the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490, 502 (1980). "Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id.*

The parties dispute whether the Morrises purchased the flooring in this case directly from LLI or whether they purchased it from the Home Depot in Idaho Falls. It appears that LLI had only two other contacts with Montana: (1) its "national" advertising campaign and (2) the mailing of the test kit to Montana. It is unclear whether these actions would suffice to establish jurisdiction. *Compare Davis v. Flos, S.P.A.*, 2013 IL App (2d) 120711-U, ¶ 34 (Ill. App. 2013) (holding that national advertising consisting of only "one product catalog viewed in one unaffiliated retail store, one product on display in another unaffiliated retail store, the websites for retail stores advertising defendants' products, and defendants maintaining a website" did not confer specific jurisdiction) *with uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421 (7th Cir. 2010) (finding that a national advertising campaign resulting in "hundreds of thousands" of customers in the forum state did confer specific jurisdiction). As a result, the particular facts of this transaction take on added significance.

Unlike motions to dismiss for failure to state a claim, "there is no bar to the consideration by the court of matters beyond the pleadings when they are presented with a motion to dismiss for lack of jurisdiction under Rule 12(b)(2)." *Kemper v. Rohrich*, 508 F. Supp. 444, 445 (D. Kan. 1980). "In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway. It may determine the motion on the basis of affidavits

alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). A hearing should be held to allow the parties to present all evidence relevant to the issue whether the exercise of personal jurisdiction in this case complies with due process.

**NOW THEREFORE IT IS HEREBY ORDERED** as follows

1. Montana's long-arm statute applies to LLI's conduct because the tort alleged by Morrises accrued in this state. Plaintiffs have satisfied step one of the two-step test for personal jurisdiction.

2. The parties shall appear at the Jefferson County Courthouse on May 4, 2016 at 11:00 a.m. or as soon thereafter as can be heard in the Courtroom of the Jefferson County Courthouse, Boulder, Montana, for an evidentiary hearing whether the exercise of jurisdiction in this case complies with due process.

3. The Clerk of Court will please file this Order and distribute a copy to the parties.

Dated: April 7, 2016

LOREN TUCKER
District Judge

c: Brian J. Miller
Gary L. Walton

7