**FILED**

AUG 2 3 2016

MARILYN A. CRAFT Court Clerk
_____Deputy

**FILED**

SEP 2 8 2016

Clerk, U.S. District Court
District Of Montana
Helena

**MONTANA FIFTH JUDICIAL DISTRICT, JEFFERSON COUNTY**

HEATHER AND COLTON MORRIS, )  Cause No. DV-2015-88
Individually and on Behalf of Their Minor )
Children, J.M., W.M. and M.M., ) W-16-93-H-CCL
)
Plaintiffs, ) **PRETRIAL SCHEDULE ORDER**
)
v. )
)
LUMBER LIQUIDATORS, INC., )
)
Defendant. )
_____)

A scheduling conference was held on the 17th day of August, 2016, with counsel for all appearing parties participating. Upon consultation with and agreement of counsel, it is ordered by the Court that the following dates shall govern the preparation of this case for trial:

1. The last date to join other parties and to move to amend the pleadings shall be November 18, 2016.

2. The parties shall disclose fact witnesses and exhibit lists on or before January 20, 2017.

The parties shall disclose opinion witnesses together with expert disclosures on or before March 3, 2017. If a party intends to ask any witness* for expert opinions, as defined by Rule 702 of the Montana Rules of Evidence, the party shall (1) state the subject matter of which the witness is expected to testify, (2) state the substance of the facts and opinions to which the witness is expected to testify, and (3) provide a summary of the grounds for each opinion.

The last date to disclose rebuttal opinion witnesses together with Rule 26(b) opinion disclosures shall be April 7, 2017.

> *Note: The Supreme Court has held that a disclosure requirement in a scheduling order carries "the same effect" as an interrogatory under Rule 26(b)(4), M.R.Civ.P. *Norris v. Fritz*, 2012 MT 27, ¶35, 364 Mont. 63 270 P.3d 79. Pursuant to this Court's "inherent discretionary power to control discovery," *Bartlett v. Allstate Ins. Co.* (1996), 280 Mont. 63, 72, 929 P.2d 227, 232, the Court has recently amended this paragraph of the scheduling order to require the same disclosure of both retained and non-retained experts, as well as "hybrid" witnesses. See *Norris*, ¶¶22, 35.

3. The last date to <u>complete</u> discovery shall be May 5, 2017. "Completed" means that all discovery shall be served in sufficient time in advance so that responses are due before this date.

4. a) The parties shall agree upon a mediator and shall report to the Court the name of the mediator on or before December 16, 2016. In the event no report is filed or the parties report that they have been unable to agree, the Court may appoint the mediator.

b) The parties shall convene before the mediator in a settlement conference attended in person by all parties and their counsel on or before May 5, 2017. If insurance is involved, a representative from the insurance company with ultimate settlement authority shall attend the conference in person. Ultimate settlement authority may not be assigned. The fees charged by the mediator shall be divided equally between the Plaintiffs and Defendant.

c) Plaintiffs shall file a report to the Court on the results of mediation within one week after mediation has taken place.

If the parties fail to timely appoint a mediator, to convene a settlement conference or to file a mediation report, sanctions may be imposed.

5. The last date to file and serve all pretrial motions and briefs of every nature, including motions *in limine* and motions for summary judgment shall be June 5, 2017. A written request for a hearing must be filed at the time a summary judgment motion or a response to the motion is filed or the Court may decide the motion based on the briefs. Motions *in limine* which truly arise

1 after the deadline shall be considered sparingly only if such motions are filed immediately after a

2 party becomes aware of the facts requiring a request for relief. Such information must be

3 contained in an affidavit supporting the request for relief. Delay in filing or serving such a

4 motion may result in refusal to consider it. Motions filed after the pretrial conference are

5 strongly discouraged and shall not be considered unless justice requires. A hearing on motions

6 shall be held on July 26, 2017 at 11:00 a.m. in the Courtroom of the Jefferson County

7 Courthouse, Boulder, Montana.

8   6. Not later than fourteen days prior to the pretrial conference, Plaintiffs' counsel shall

9 convene a conference of all counsel to prepare a pretrial order. The proposed final pretrial order

10 shall state agreed facts, Plaintiffs' contentions and Defendant's contentions, pleadings

11 abandoned, stipulations, a list of each party's witnesses and exhibits and shall identify portions of

12 discovery which a party intends to introduce into evidence. Plaintiffs shall mark exhibits

13 numerically from 1-99 and Defendant shall mark exhibits numerically from 201-299. Objections

14 to exhibits shall be filed and served at least seven days before the pretrial conference or shall be

15 waived. The proposed pretrial order shall be signed by counsel and shall be provided to the

16 Court seven days before the pretrial conference. In the event of a dispute regarding the contents

17 of the order, the dispute shall be presented to the Judge for resolution at the pretrial conference.

18 Absent a pretrial order, sanctions may be imposed.

19   7. No later than seven days before the pretrial conference, the parties shall have conferred

20 and shall submit stipulated jury instructions with an index sheet. Additional proposed

21 instructions shall be submitted by September 6, 2017. Instructions shall be submitted in accord

22 with Uniform District Court Rule 7 and provided to the Court via e-mail at dkaatz@mt.gov.

23   8. A pretrial conference shall be held on September 6, 2017 at 1:30 p.m. in the Jefferson

24 County Courthouse, Boulder, Montana.

25

9. A trial date will be established at the pretrial conference upon a determination by the Court that the parties have complied with the provisions of this Pre-Trial Schedule Order.

10. Occasionally a party moves to appear by video conference/telephone. The Court typically attempts to accommodate those requests. However, this type of appearance can be complicated and difficult. It is not always adequate. If the process is unsatisfactory, Court will recess for all parties to appear personally at the same location.

11. At trial Counsel should provide a witness list to the Court Reporter to aid in the correct spelling of names and a glossary of any unusual or technical terminology.

12. The scheduling order shall not be modified except by leave of the court upon a showing of good cause. Any requests for extension must be in writing setting forth the trial preparation accomplished. Any request for modification shall be accomplished by a proposed order setting new deadlines. Failure to comply with the scheduling order may result in sanctions, including, but not limited to, denial of extensions and, as appropriate, dismissing claims or defenses with prejudice.

13. The Clerk of Court will please file this Order and distribute it to all parties.

Dated: August __, 2016.

_____
LOREN TUCKER
District Judge

c:   Brian J. Miller
     Gary L. Walton